JOYCE & MURPHY *against* ADAMS & HAWTHORN.

*Goods sold destroyed by fire before delivery.*

THE plaintiffs, on the 27th January, 1847, contracted with defendants for the purchase of 259 bales of cotton, by means of the usual "bought and sold notes" of a broker. These notes specified the number of bales, the brands, and price per pound of the cotton, but not the weight, and contained this memorandum:

"Buyers to pay 7 cents per bale storage.
"       "       Insurance.
"       "       Interest after ten days.
"       "       Deposit, $5 per bale.

"Deliverable 30 days from date.   Cash on delivery."

The note delivered to the defendants, instead of the words "deliverable 30 days from date," had the words "deliverable *within* thirty days." In other respects the notes were alike.

The plaintiffs paid the $5 per bale, and policies of insurance were effected, insuring the defendants against loss by fire, in the usual form, in which it was stipulated that the loss should be paid according to the actual cash value of the cotton at the time of the loss, in sixty days after delivery of the proofs thereof. On the night of the 23d February, 164 bales of the cotton were destroyed by fire, and on the 7th of April thereafter the loss was paid to the defendants at the value agreed upon, which was less than the purchase price by from one-and-a-half to two cents per pound.

The cotton was not weighed at the time, or after the making of the contract. On the fourth or fifth of March, the defendants delivered to the plaintiffs ninety-five bales, for which the plaintiffs paid them the contract price, the storage at seven cents per bale, the insurance at 16 cents per 100 pounds, and the interest on the balance of the purchase price (after deducting $5 per bale), from the 6th of February. It was agreed that the adjustment as to this parcel should not prejudice the right of either of the parties in respect to the other parcel, under the contract.

On the 2d day of March, the plaintiffs made a demand on the defendants for the delivery of the 164 bales, which not being complied with, a few days later they demanded a return of the five dollars per bale which they had advanced at the time of making the

contract, which being refused, this action was brought for its recovery.

On the trial, the plaintiffs' counsel requested the judge to charge the jury : 1st. That the contract of 27th January was entirely executory, being a mere agreement to sell, and that it did not change the title to the cotton. 2d. That with regard to the contract of sale, the rule was, that when anything remained to be done, by or on behalf of the vendor, to ascertain the quantity or price, or to put the goods in a deliverable state, the sale was not complete, and the property did not pass. 3d. That there was nothing in the present contract to take the case out of the general rule of law, which threw the risk of loss on the person in whom the property was vested at the time ; and, 4th. That the defendants bound themselves to deliver the cotton at all hazards, and having failed to do so, the plaintiffs had a right to treat the contract as rescinded, and recover the deposit.

The judge refused so to do, and charged the jury that the plaintiffs' right of recovery depended on the contract given in evidence. By its terms, the plaintiffs were to pay storage, interest and insurance ; treating the subject as being at their expense and risk by all the stipulations of the contract, and that the deposit was for the purpose, evidently, of meeting the possible fall of price not covered by the usual fire insurance or a lien on the property, the only risk not covered by other terms of the bargain, and therefore the defendants were not liable to refund the deposit, so far as it was necessary to make good the price in the contract. The plaintiffs' counsel excepted to the charge, and also to the refusal of the judge to charge as requested. The defendants obtained a verdict and judgment, from which judgment this appeal was brought.

The Court of Appeals reversed the judgment, and

ordered a new trial, *holding* that the judge should have charged as requested by the plaintiffs' counsel.

That the contract was executory, and the title to the cotton did not pass, but remained at the risk of the seller; that there was nothing in the terms of this agreement to take it out of the general rule on that subject.

That the defendants having failed to deliver the cotton according to the terms of the agreement, the plaintiffs had a right to treat the agreement as rescinded, and to recover back what they had paid.

(S. C., 2 Sandf. 1; 8 N. Y. 291.)